IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES F. ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3412-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant James Roe seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on June 17, 2002. The parties' briefs were fully submitted, and on May 17, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

James Roe was born in 1950 and completed the eleventh grade.  His previous work experience is as an installer of burglar alarms.  He asserts he became disabled in June 2002 because of the residual effects of congestive heart failure that make him dizzy and fatigued.  The records demonstrate that Roe has had multiple surgeries on his right wrist area and between 1985 and 1994 was under a period of disability for that condition.

In June 2002, Roe seriously overdosed on methamphetamine and was hospitalized for approximately one month with the associated problems.  While hospitalized, his left ventricular ejection fraction was measured at 40 percent.  Follow-up appointments show that

2

Case 6:04-cv-03412-WAK   Document 13   Filed 05/26/05   Page 2 of 4

claimant continued to have chest pain and shortness of breath, but that his ejection fraction was improving and eventually returned to normal. Roe also complained of headaches which were treated with medication, and problems with his right wrist. Surgery was again performed on his wrist. At some point, claimant began using a cane to help steady himself, but it was not prescribed or recommended by his physicians.

After considering the evidence, the Administrative Law Judge (ALJ) found claimant retained the residual functional capacity to perform a reduced range of light work activities. Roe seeks judicial review of this finding, asserts the ALJ should have obtained a consultative examination to better develop the record with regard to claimant's complaints of fatigue and should have considered a closed period of benefits with regard to claimant's wrist impairment. The issue of a closed period of benefits for Roe's wrist was not raised at the hearing before the ALJ, and thus, will not be considered on judicial review.

In his brief, Roe raises several possible causes of his chronic fatigue and suggests that the ALJ had a duty to further develop the record if he had doubts as to the findings and conclusions in the evidence. As set forth above, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). The medical records clearly show that claimant had problems following his overdose, but that he was extremely lucky, and with time, his problems lessened. His treating doctors did not find Roe's complaints of chronic fatigue sufficient to warrant further testing, consultations or treatment. Although claimant consistently complained of fatigue, his treating physicians did not diagnose his condition as chronic fatigue syndrome. Further, prior to the decision in this case, claimant did not express concern that his fatigue was caused by depression or mental problems and he did not seek a psychological consultation. When the record is considered as a whole, the ALJ was not required to obtain an additional consultation or to further develop the record.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the

ALJ's decision to discount plaintiff's testimony. Further, the agency's decision is supported by substantial evidence on the record.

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 26th day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge